# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 28, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LYNN FARAG *on behalf of Z.F.,* | * | |
| *a minor,* | * | No. 17-714V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Mark T. Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
<u>Sarah C. Duncan</u>, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 30, 2020, Lynn Farag ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting **$44,917.80** for her counsel, Mr. Mark Sadaka. Mot. Int. Att'ys' Fees & Costs, ECF No. 47 [hereinafter Fees App.]. On October 14, 2020, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 48. In his response, Respondent stated that he "defers to the Special Master as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." *Id.* at 2. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

**I.     Procedural History**

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

On May 31, 2017, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program") on behalf of her minor child, Z.F.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1.  Petitioner alleges that Z.F. suffers from alopecia as a result of a human papillomavirus ("HPV") vaccine administered on May 16, 2016.  Pet. at 1. Shortly after filing the petition, Petitioner also filed medical records and an affidavit from Ms. Farag.

On September 19, 2017, Respondent filed his Rule 4(c) Report, indicating that it was his opinion that the case was not appropriate for compensation. Thereafter, Petitioner filed additional medical records, medical literature, and multiple expert reports from Dr. M. Eric Gershwin, with Respondent providing expert reports from Dr. Mehrdad Matloubian.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1) (2012).  Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.*  Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs*., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs*., No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs*., No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").  As Petitioner's case was filed on May 31, 2017, it has been pending for more than three years.  *See* Pet.  At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted multiple expert reports and numerous exhibits in support of her petition. *See generally* Pet'r's Exs. 1–72. Petitioner's counsel has requested $44,917.80 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

#### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

##### i. Reasonable Hourly Rates

Petitioner requests that her counsel, Mr. Mark Sadaka, be compensated at the following hourly rates: $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in

3

2019, and $422.00 per hour for work performed in 2020. These rates are consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work and the undersigned finds them to be reasonable for work performed in the instant case.

### ii. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to interim attorneys' fees in the amount of $30,092.60.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested $14,825.20 in interim costs. Fees App. Ex. 1 at 13-14. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and expert work performed by Dr. M. Eric Gershwin. Petitioner has provided adequate documentation of the requested costs and all appear reasonable in the undersigned's experience. Accordingly, the full amount of costs requested shall be awarded.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $30,092.60 |
| (Reduction to Fees) | - |
| **Interim Attorneys' Fees Awarded** | **$30,092.60** |
| | |
| Interim Costs Requested | $14,825.20 |
| (Reduction to Costs) | - |
| **Interim Costs Awarded** | **$14,825.20** |
| | |
| **Total Amount Awarded** | **$44,917.80** |

**Accordingly, the undersigned awards a lump sum in the amount of $44,917.80, representing reimbursement for Petitioner's interim attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Mr. Mark Sadaka.**

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.