# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### Filed:  December 6, 2024

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
ZACHARIA FARAG,                        *          No. 17-714V
                                       *          Special Master Young
                Petitioner,            *
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner;
*Dorian Hurley*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 31, 2017, Lynn Farag filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her then-minor son Zacharia Farag ("Petitioner"). 42 U.S.C. §300aa-10 et seq. (2018)[2] (the "Vaccine Act" or "Program"). Pet. at 1, ECF No. 1. Ms. Farag alleged that the human papillomavirus ("HPV") vaccine Petitioner received on May 16, 2016, caused him to suffer from alopecia areata ("AA") totalis. *See id*. On September 29, 2023, I issued my decision denying entitlement and dismissing the petition ECF No. 86.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 30, 2020, Petitioner filed a motion for interim attorneys' fees and costs requesting $44,917.80 in interim fees and costs. ECF No. 47. On June 28, 2021, Petitioner's motion for interim fees was granted in full. ECF No. 52.

On April 19, 2024, Petitioner filed a final motion for attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 90. Petitioner requests total attorneys' fees and costs in the amount of $54,763.70, representing $39,444.70 in attorneys' fees and $15,319.00 in attorneys' costs. Fees App. at 1. Petitioner's counsel did not indicate that Petitioner incurred any additional expenses in pursuing this claim. Respondent responded to the motion on April 25, 2024, stating that Respondent "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4 (ECF No. 91). Petitioner filed a reply on April 26, 2024, again requesting the fees and costs be awarded in full. Pet'r's Reply at 1, ECF No. 92.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent also deferred to my judgment regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.    Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel, Mr. Mark Sadaka: $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, $563.00 per hour for work performed in 2024. The rates requested for work performed through the end of 2023 are reasonable and consistent with what counsel has previously been awarded for his Vaccine Program work and shall be awarded herein. Mr. Sadaka's requested rate for 2024, however, merits adjustment.

Mr. Sadaka has been a licensed attorney for 20 years, and has been admitted to the Vaccine Program for a similar timeframe. Pet'r's Mot. for AFC at 6. Although Mr. Sadaka's requested rate falls within the appropriate range for an attorney with his experience (as reflected in OSM's Fee schedule), the specific rate requested falls on the highest end of the range, and it is somewhat excessive (especially in comparison to rate increases he has received for prior years). While Mr. Sadaka may have ample experience, it would be improper for him to receive rates established for comparably-experienced counsel who also have more lengthy experience than Mr. Sadaka. *See McCulloch*, 2015 WL 5634323, at *17.

Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys**, I find it reasonable to compensate Mr. Sadaka at the slightly lesser rate of $532.00 per hour for his time billed in 2024,** representing a more modest increase of $50 dollars from the previous year. Application of the foregoing reduces the amount of fees to be awarded herein by **$24.80**.[4]

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] This amount is calculated as ($563 - $532 = $31 x 0.8 hrs. = $24.80)

### b.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $39,444.70.

### c.   Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,319.00 in attorneys' costs comprised of acquiring medical records, the hearing transcript, and expert services provided by Dr. M. Eric Gershwin. Petitioner requests reimbursement for the services provided by Dr. Gershwin at a rate of $500.00 per hour for 29.25 hours, totaling $14,625.00. Fees App. Ex. B at 1-2, 21, 30, 45. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $39,444.70 |
| (Reduction to Fees) | ($24.80) |
| **Total Attorneys' Fees Awarded** | **$39,419.90** |
| | |
| Attorneys' Costs Requested | $15,319.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,319.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$54,738.90** |

**Accordingly, I award a lump sum in the amount of $54,738.90 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Mr. Mark T. Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

   **IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.